# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 28, 2011

No. 10-40311
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ANTONIO SILVA SEGURA, also known as Antonio Segura-Ramirez,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:09-CR-2727-1

Before JONES, Chief Judge, and JOLLY and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Antonio Silva Segura (Silva) appeals his sentence for illegal reentry in violation of 8 U.S.C. § 1326(a) and (b)(1).  The guidelines range of imprisonment was 24 to 30 months.  Silva was sentenced to 60 months of imprisonment and three years of supervised release.

Silva contends that the district court abused its discretion by denying his implied request for a continuance.  This claim of error is unfounded as Silva made only an implied request after sentence was pronounced.  Assuming

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-40311

arguendo that this claim of error is subject to the abuse of discretion standard, *see United States v. Barnett*, 197 F.3d 138, 144 (5th Cir. 1999), Silva lacks a legitimate basis for claiming that the factual basis of the sentence was a surprise or that the surprise was prejudicial, *see Irizarry v. United States*, 553 U.S. 708, 715-16 (2008). Therefore, he has not demonstrated any error, plain or otherwise.

Silva also contends that the district court failed to adequately explain the extent of the variance and that the sentence was substantively unreasonable. Sentences are reviewed under an abuse of discretion standard for procedural error and substantive reasonableness. *Gall v. United States*, 552 U.S. 38, 51 (2007). Because Silva did not object to the adequacy of the district court's reasons for imposing sentence, review is for plain error. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 361 (5th Cir.), *cert. denied*, 130 S. Ct. 192 (2009). It is apparent from the record how and why the district selected the 60-month sentence, and Silva has failed to show that the district court committed any procedural error, plain or otherwise. *See United States v. Lopez-Velasquez*, 526 F.3d 804, 806-07 (5th Cir. 2008).

Silva's objection to the sentence as being greater than necessary under the 18 U.S.C. § 3553(a) factors preserved his claim of error with respect to the substantive reasonableness of the sentence. *See Mondragon-Santiago*, 564 F.3d at 361. The 60-month sentence was substantively reasonable as the district court justified the 30-month variance based on a proper application and weighing of the § 3553(a) factors. *See United States v. Smith*, 440 F.3d 704, 708-10 (5th Cir. 2006).

The judgment of the district court is AFFIRMED.